UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO W. PAULINO CABERA,<br><br>        Plaintiff,<br><br>    v.<br><br>FEDEX SUPPLY CHAIN,<br><br>        Defendant. | CIVIL ACTION NO. 1:21-CV-00048<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Presently before the Court is a complaint ("Complaint") filed on January 8, 2021, by *pro se* Plaintiff Pedro W. Paulino Cabrera against Defendant FedEx Supply Chain. (Doc. 1, at 1). In his Complaint, Plaintiff outlines a series of events pertaining to his wish to transfer departments at his employment due to his prosthesis. (Doc. 1). In addition to his Complaint, Plaintiff attached a Charge of Discrimination ("EEOC Charge"), Dismissal and Notice of Rights letter from the U.S. Equal Employment Opportunity Commission, an Initial Consultation form for a "Pre-Charge Inquiry Español," an evaluation by Integrity Staffing Solutions regarding Plaintiff's physical capabilities, two letters from Orthopedic Associates of Lancaster, a letter from Lancaster Health Center, a disclosure form, and an email from Integrity Staffing Solutions. (Doc. 1, at 3, 4-6, 7, 10, 12, 13, 14, 15, 16, 17).

Having conducted the statutorily-mandated screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, but finds that Plaintiff should be afforded leave to file an amended complaint.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On January 8, 2021, Plaintiff filed the instant action against Defendant and filed a motion for leave to proceed *in forma pauperis* on January 11, 2021.[1] (Doc. 1; Doc. 2). In his Complaint, Plaintiff describes a series of events involving his desire to switch departments within his employment due to the worsening condition of his prosthesis. (Doc. 1, at 8-9). First, Plaintiff describes an incident from May 15, 2020, where he spoke to a "representative" who required him to check a box stating that "if [he] did not deliver [a report of a diagnosis regarding the pain in his knee then] the agency would take it as a voluntary resignation." (Doc. 1, at 8). Next, Plaintiff explains that he received a letter from his doctor and gave the letter to the department. (Doc. 1, at 9). Upon receiving the letter, "the representative of the agency in the company" questioned Plaintiff about the department to which he would like to be transferred. (Doc. 1, at 9). Plaintiff explains that he then filled out a form demonstrating his wish to be transferred to another department. (Doc. 1, at 9). Plaintiff alleges that he informed the representative that his prosthesis was starting to break due to use and being trampled. (Doc. 1, at 9). Plaintiff also explains that he has continued working during the pandemic and alludes to the company's delay in transferring him to another department. (Doc. 1, at 9). Additionally, Plaintiff provides a "Charge of Discrimination" document that he submitted to the U.S. Equal Employment Opportunity Commission alleging discrimination on the part of his employer in violation of the Americans with Disabilities Act

---

[1] The Court grants Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) by separate order.

of 1990 ("ADA").[2] (Doc. 1, at 3). In this document, Plaintiff explains that he requested a transfer to another department due to his disability and "was told that [he] would be transferred once a position became available." (Doc. 1, at 3). Plaintiff also alleges that the security personnel embarrassed, demeaned, and discriminated against him because they required him to show his prosthetic every time that he went through the metal detector when they were already aware of his disability. (Doc. 1, at 3). Plaintiff states that FedEx Supply Chain "discriminate[d] against [him] because of [his] disability, in violation of the [ADA]." (Doc. 1, at 3). However, Plaintiff does not explicitly state the damages he seeks within his Complaint. (Doc. 1).

II.   **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could

---

[2] The Court may consider "documents incorporated into the complaint by reference" when conducting a statutorily-mandated screening of a complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in

the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With these standards in mind, *pro se* documents must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nevertheless, *pro se* plaintiffs are still subject to the base pleading requirements of Rule 8. *Rhett v. NJ State Superior Court*, 260 F. App'x 513 (3d Cir. 2008). If a

complaint fails to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. <u>FAILURE TO ADEQUATELY STATE A CLAIM OF DISCRIMINATION</u>

Plaintiff's complaint, taken as a whole, describes his employer's delay in transferring him to another department even though he had demonstrated a need due to the worsening condition of his prosthetic and the resulting pain he was enduring. (Doc. 1, at 3, 7-9). To bring a claim of employment discrimination, Plaintiff must allege facts which would give rise to disability discrimination under Federal law. *See* 29 U.S.C. § 621 *et seq.* (1988) ("ADEA"): 42 U.S.C. § 2000e *et seq.* (1988) ("Title VII"); 42 U.S.C. § 12112(a). Plaintiff alleges that he "was discriminated against because of [his] disability, in violation of the [ADA]." (Doc. 1, at 3). Plaintiff's sparse complaint, however, fails to adequately allege sufficient facts to state a claim for relief under the ADA. To adequately state a claim for discrimination under the ADA, a plaintiff must allege facts sufficient to plausibly establish that:

> (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999).

An individual is considered "disabled" under the ADA if he has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2); *see also* 29 C.F.R. § 1630.2(h) (defining "physical or mental impairment"); 29 C.F.R. § 1630.2(i) (defining "major life activities"); 29 C.F.R. § 1630.2(j)

(defining "substantially limits"). A temporary or transient, nonpermanent condition cannot be a substantial impairment under the ADA. See *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010); *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 765 (3d Cir. 2004). Additionally, a "qualified individual" is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

      First, Plaintiff provides facts that demonstrate he could be considered disabled within the meaning of the ADA. (Doc. 1, at 3). Plaintiff explains that he had to leave earlier for breaks because it takes him longer to get to the breakroom due to his disability and Plaintiff describes a situation regarding the exposure of his prosthetic leg. (Doc. 1, at 3). Such circumstances could plausibly give rise to a determination that Plaintiff has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2); *see also Rinehimer v. Cemcolift*, Inc., 292 F.3d 375, 380 (3d Cir. 2002); *Gardner v. SEPTA*, 410 F.Supp.3d 723, 735 (E.D. Pa. 2019); *Mills v. Temple U.*, 869 F.Supp.2d 609, 620 (E.D. Pa. 2012). Allegations that the limitations must be "substantial" must "be construed broadly in favor of expansive coverage and is not meant to be a demanding standard," and the Court finds that Plaintiff has sufficiently pleaded that he was disabled at the time of the Complaint. See *Wilkinson v. Marvin E. Klinger, Inc.*, No. 4:15-CV-01916, 2017 WL 6017843, at *5 (M.D. Pa. Dec. 5, 2017) (internal quotation marks omitted) ("Viewing the evidence in the light most favorable to [Plaintiff], [the Court] find[s] that [Plaintiff] has met this relaxed standard. Here, [Plaintiff] argues that she was disabled because she suffered from migraines and sciatic nerve pain." (emphasis added)), appeal dismissed, No. 18-1030, 2018 WL 3373550 (3d Cir. May 14, 2018).

Plaintiff has also pleaded adequate facts to allege Defendants' lack of accommodation for Plaintiff's disabilities and thus, that he has suffered an otherwise adverse employment decision as a result of discrimination. *See Hohider v. United Parcel Serv.,* Inc., 574 F.3d 169, 186 (3d Cir. 2009). Discrimination under the ADA encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities. *Taylor*, 184 F.3d at 306-07. The ADA specifies that an employer discriminates against a qualified individual with a disability when the employer does "not mak[e] reasonable accommodations to the known physical or mental limitations of the individual unless the [employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the [employer]." 42 U.S.C. § 12112(b)(5)(A). Here, Plaintiff has alleged that Defendants did not transfer him to the packing section when two positions became available, even though he had requested a packing position because it would better accommodate his disability. (Doc. 1, at 3). Plaintiff explains that, in his current position, he is walking too much, his feet are getting trampled, and his prosthetic is breaking. (Doc. 1, at 9). Therefore, at this stage of litigation, the Court finds that Plaintiff has sufficiently pleaded that Defendants did not reasonably accommodate his disability.

However, Plaintiff has failed to allege that he is qualified to perform the tasks of a member of the packing station. While the undersigned is sympathetic to Plaintiff's language barrier (*see* Doc. 1, at 7) and status as a *pro se* litigant, the Complaint falls short of alleging facts sufficient to plausibly establish the second element of an ADA claim. The Complaint fails to adequately describe the essential functions of a job in the packing section and Plaintiff's ability to perform such a job with or without accommodation. In order to demonstrate that

Plaintiff is qualified to perform the tasks of a member of the packing station, he must allege facts sufficient for a reasonable juror to conclude that he is otherwise qualified to perform the essential functions of the job. *See Philips v. Ctr. for Vision Loss*, Civ. Action No. 3:15-CV-00563, 2017 WL 839465, at *7 (finding that Plaintiff's demonstration of her employment in the same position and multiple positive performance reviews was sufficient to show she was qualified for the position). However, Plaintiff has failed to include any details about the requirements of his desired position or his ability to complete the tasks required of him, with or without accommodation. Because Plaintiff has failed to allege that he is a qualified individual for the packing station position, he fails to state a claim upon which relief may be granted.

    B.   LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant Plaintiff leave to file an amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. Plaintiff is advised to follow each claim with a corresponding good-faith request for relief. Plaintiff should clearly outline his allegations in correspondence with

the required elements of the claim that he desires to assert and what remedies he seeks. Moreover, an amended complaint must, pursuant to Rule 20(a), name only those Defendants implicated in the transaction or occurrence giving rise to Plaintiff's claims and whose involvement in the suit presents a common question of law or facts. Plaintiff must limit claims to those by which he has suffered actual harm due to the actions of the Defendants. Finally, Plaintiff must not include any extraneous information that does not directly involve an alleged act constituting a violation of a civil right.

IV. **CONCLUSION**

As it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted. (Doc. 1). The Court grants Plaintiff leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum, on or before **July 15, 2021.**

An appropriate Order follows.

**Dated: June 15, 2021**                                              *s/ Karoline Mehalchick*
                                                                     **KAROLINE MEHALCHICK**
                                                                     **United States Magistrate Judge**